No. 203.—C. H. Morrison v. A. F. Flournoy & Co.

An attorney at law who has been employed is under obligation to give advice when called upon by his client, and he is entitled to a just compensation therefor.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. Ray, J. Morrison & Farmer, for plaintiff and appellant. Richardson & McEnery, for defendants and appellees.

WYLY, J. The plaintiff sued the defendants on an account of $860 for professional services, as follows:

Fee for defending suit of J. H. Brown v. A. F. Flournoy & Co.
on a note for $752 25 and interest................................ $100 00
Also, suit of J. A. Coon, administrator, v. A. F. Flournoy &
Co. on note for $1050 and interest........................ 100 00
Fee for adjusting boundary line between Flournoy and Noble. 150 00
Fee for defending suit, R. W. & R. Richardson v. J. H. Brown
& Co.; Flournoy & Co., garnishees...................... 10 00
Fee for advice and assistance in arranging and compromising
ten to fifteen thousand dollars' worth of debts due by the
Flournoys in New York and Philadelphia............... 500 0

$860 00

The defendants denied generally the allegations of the plaintiff. ..ey admitted having employed the plaintiff in the suits of J. H. Brown & Co. against them, and J. A. Coon, administrator, against them, but aver that the former was compromised by their paying $500; and in the latter they were damaged by following the advice of the plaintiff in going to trial, in which judgment was given against them for $600, whereas they could have compromised it at $200. They specially deny having employed the plaintiff in the compromise and settlement of the debts of A. F. Flournoy & Co., or that he in any manner assisted therein; and they deny that he was employed to adjust the boundary line between themselves and John H. Noble, and aver that he was the agent or attorney of Mrs. Copley, from whom they acquired the property contiguous to said Noble, and that it was his duty, as attorney of their vendor, to adjust said boundary.

The court gave judgment, on the verdict of the jury, for $272 50 in favor of the plaintiff, and he has appealed.

The case presents mainly questions of fact, and the evidence is extremely conflicting. From the evidence, we are satisfied that the plaintiff was consulted in regard to the compromise which was subsequently accomplished by the defendants of their Northern debts. Whether they expected him to charge for advice or not, is immaterial. It is the business of an attorney to give advice when called upon, and he has the right to a just compensation therefor. From the evidence we estimate the value of this item of the account at $250.

From the evidence we estimate the value of the services mentioned in the other items of the account as follows: For defending the suit, Brown & Co. v. Flournoy & Co., $75; Coon, administrator, v Flournoy & Co., fee, $100; R. W. & R. Richardson v. Flournoy & Co., fee, $10; services in arranging the boundary between Flournoy & Co. and Noble, $50. The account of plaintiff is satisfactorily established to the amount of $485 in the aggregate.

In reference to the damage complained of in the conduct of the defense of Coon v. Flournoy & Co., we will say the charge is not supported by the evidence; and in reference to the services in the adjustment of the boundary with Noble, the defendants have not shown an obligation on the part of the plaintiff to serve them without the right to exact remuneration for his labor.

It is therefore ordered that the judgment herein be increased to $485, and as thus amended let it be affirmed, appellees paying costs of appeal.

Rehearing refused.